IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,134-01






EX PARTE JONATHAN PAUL SIKES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0993572D IN THE 297TH DISTRICT COURT


FROM TARRANT COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four counts of
aggravated sexual assault and two counts of indecency with a child. He was sentenced to
imprisonment for twelve years for each aggravated sexual assault count and for five years for each
indecency with a child count. The Second Court of Appeals affirmed his convictions. Sikes v. State,
No. 02-10-00029-CR (Tex. App.--Fort Worth 2011, no pet.).

 Applicant contends, among other things, that appellate counsel failed to notify him that his
convictions had been affirmed on October 6, 2011. The trial court adopted the State's proposed
findings of fact and conclusions of law and recommended that we grant Applicant an out-of-time
petition for discretionary review. There is no indication from the record, however, that appellate
counsel was given the opportunity to respond, and she should be given such an opportunity before
being found ineffective. Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). 
Accordingly, the trial court shall order appellate counsel to respond to Applicant's claim. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After reviewing appellate counsel's response, the trial court shall make further findings of
fact and conclusions of law as to whether appellate counsel rendered ineffective assistance. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: March 20, 2013

Do not publish